United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI V. KOROLEV,<br><br>    Petitioner,<br><br>  v.<br><br>RICHARD KIRKLAND,<br><br>    Respondent<br>_____/ | No. C 05-4992 MMC (PR)<br><br>**ORDER OF SERVICE; DIRECTING RESPONDENT TO FILE RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** |

    Before the Court is Sergei V. Korolev's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

### BACKGROUND

    On August 23, 2000, a jury in Marin County Superior Court found petitioner guilty of one count of attempted murder, one count of dissuading a witness from making a police report, three counts of assault with a semiautomatic firearm, and one count of obstructing or resisting an officer; additionally, the jury found true an allegation that petitioner personally used a firearm. See People v. Korolev, 2003 WL 1901363, *4 (Cal. App. 2003). On March 16, 2001, the trial court sentenced petitioner to a term of life plus 35 years and 4 months in state prison, and one year in county jail. See id.

    On April 18, 2003, the California Court of Appeal affirmed the conviction. See id., at *9. On July 9, 2003, the California Supreme Court denied petitioner's request for review of

the California Court of Appeal's decision. (See Petition ¶ 43.) On October 4, 2004, petitioner filed with the California Supreme Court a petition for a writ of habeas corpus, which petitioner alleges was timely, (see Petition ¶ 44); on November 2, 2005, the California Supreme Court summarily denied the petition, (see id.).

**DISCUSSION**

**A. Legal Standard**

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." See Hendricks v. Vasquez, 908 F. 2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

**B. Petitioner's Claims**

In his petition, petitioner makes the following claims: (1) the trial court deprived him of due process by refusing to continue the trial to allow him a further opportunity to subpoena witnesses in Russia, and by refusing to admit affidavits he obtained from witnesses in Russia, (see Petition ¶¶ 69-72); (2) the prosecution engaged in "misconduct" by releasing a videotape of his "confession" to witnesses, who, in turn, used the videotape to dissuade witnesses in Russia from assisting the defense, (see Petition ¶¶ 71(g), 126); (3) trial counsel was ineffective in failing to take necessary steps to obtain depositions or testimony from witnesses in Russia, (see Petition ¶¶ 73-75); (4) the trial court erred in failing to give a "mutual combat" instruction, (see Petition ¶ 77); (5) trial counsel was ineffective in failing to request a "mutual combat" instruction, (see id.); (6) the trial erred in giving a "defense of others" instruction "on behalf of the victim," (see id.); (7) the trial court

1  erred in instructing the jury pursuant to CALJIC 17.41.1, which advised the jury to
2  immediately inform the court if any juror refused to deliberate or if any juror expressed an
3  intention to disregard the law or decide the case on an improper basis, (see Petition
4  ¶ 78(c)); (8) trial counsel was ineffective in failing to object to CALJIC 17.41.1, (see id.);
5  (9) the trial court erred by conducting "hardship excusal hearings" off the record until
6  petitioner's counsel objected, and then by conducting the remaining hardship hearings on
7  the record, instead of granting petitioner's motion to disqualify the entire panel and call a
8  new panel, (see Petition ¶ 81); (10) the trial court erred by using "extremely lax standards"
9  in resolving requests by potential jurors to be excused for hardship, (see Petition ¶ 83);
10 (11) the trial court erred by excusing three jurors for cause outside the presence of
11 petitioner's trial counsel and without making a record "save for reporting this after the fact,"
12 (see Petition ¶ 88); (12) trial counsel was ineffective in failing to timely object to the trial
13 court's conducting voir dire off the record and outside the presence of petitioner and his
14 counsel, (see Petition ¶ 93); (13) trial counsel was ineffective in failing to view the premises
15 where the relevant events occurred and in failing to sufficiently question petitioner about the
16 premises in order that counsel could "form a picture" of the premises, (see Petition ¶ 87);
17 (14) jurors engaged in "misconduct," such as two jurors sleeping through "a good portion of
18 the trial" and jurors unfairly holding against petitioner the attempts of a "defense translator"
19 to "ingratiate himself with the jury through various expressions, gestures and words in an
20 apparently self-appointed enterprise of helping [petitioner]," (see Petition ¶ 97); (15) the trial
21 court erred in finding petitioner was mentally competent to stand trial, (see Petition ¶ 99);
22 (16) trial counsel was ineffective in the manner in which counsel argued petitioner was
23 incompetent to stand trial, (see id.); (17) trial counsel was ineffective in failing to adequately
24 investigate and present evidence regarding petitioner's "medical conditions, psychological
25 conditions, behavior patterns . . . and the full extent of his alcohol and substance use,"
26 which evidence would have "negated the mental states required for the charges," (see
27 Petition ¶ 118); (18) the trial court erred by permitting the prosecution to offer "unreliable,
28 unconstitutionally obtained statements" of petitioner, (see Petition ¶ 124); (19) trial counsel

was ineffective in failing to adequately investigate the bases for the grounds asserted in, and in arguing, a motion to suppress petitioner's statements, (see Petition at 52:24-27); (20) the prosecution withheld from the defense information bearing on the credibility of the "key prosecution witness, Andre Chijik," such as Chijik's having told authorities "a different version of the events than Chijik related at trial," (see Petition ¶¶ 126, 129); (21) trial counsel was ineffective in failing to investigate Chijik and in failing to offer "available evidence" to impeach Chijik's credibility, (see Petition ¶ 130); (22) Chijik "perjured himself on the witness stand," (see Petition ¶ 165); (23) the trial court "displayed deep-seated antagonism against the defense and in favor of the prosecution" throughout the trial, such as questioning petitioner to his "detriment" and "dramatically evicting defense counsel from the courtroom in front of the jury, for no legitimate reason, during the prosecution's closing argument," (see Petition ¶ 133); (24) trial counsel was ineffective when he "provoked" the trial court into citing counsel for contempt and expelling counsel from the courtroom, (see Petition ¶ 137); (25) trial counsel was ineffective in failing to "investigate and present forensic evidence and evaluations through appropriate experts regarding the physical evidence related to the shootings," (see Petition ¶ 144); (26) "the evidence presented was constitutionally insufficient to support any of the convictions," (see Petition ¶ 158); (27) the trial court erred in refusing to admit evidence that would have supported petitioner's defenses, (see Petition ¶¶ 163-64); (28) appellate counsel was ineffective in failing to raise claims in petitioner's direct appeal, (see Petition ¶ 153); and (29) the cumulative effects of the various alleged errors resulted in an unfair trial, (see Petition ¶ 170).

Petitioner alleges that each of the above claims has been presented to the California Supreme Court. See Petition at 8.

The Court declines to find, from the face of the petition, that the claims presented by petitioner are vague, conclusory, palpably incredible, or patently frivolous or false. Consequently, respondent will be directed to file a response to the petition. Specifically, respondent will be directed to either file a motion to dismiss, if such a motion is warranted, or to file an answer, attaching thereto a copy of all portions of the state record relevant to a

1  determination of the issues presented by the petition.

2  In the event that respondent files an answer, respondent need not file a
3  memorandum of points and authorities in support thereof.  Rather, upon the filing of an
4  answer, the Court will set a briefing schedule, and will direct petitioner to initially file a
5  memorandum of points and authorities in support of his petition, in which memorandum
6  petitioner will be required to set forth, as to each claim asserted, why the state court's
7  adjudication of the claim either "(1) resulted in a decision that was contrary to, or involved
8  an unreasonable application of, clearly established Federal law, as determined by the
9  Supreme Court of the United States[,] or (2) resulted in a decision that was based on an
10 unreasonable determination of the facts in light of the evidence presented in the State court
11 proceeding." See 28 U.S.C. § 2254(d); see also Woodford v. Visciotti, 537 U.S. 19, 25
12 (2002) (holding habeas petitioner has "burden to show that the state court applied [clearly
13 established federal law] to the facts of his case in an objectively unreasonable manner").[1]

## CONCLUSION

In light of the foregoing:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the petition and its attachments upon respondent and respondent's attorney, the Attorney General for the State of California.

2. Respondent shall file, within 60 days of the date of service of this order, a motion to dismiss, noticed for hearing pursuant to Civil Local Rule 7-2, or an answer to the petition, attaching thereto a copy of all portions of the state record relevant to a determination of the issues presented by the petition.

//
//
//

---

[1] The Court notes that, with limited exception, the petition includes little legal discussion, and, in particular, fails to include any discussion setting forth why petitioner believes the state court's adjudication of his claims entitles him to relief under § 2254(d).

5

3. In the event respondent files an answer, the Court will issue a further briefing schedule, directing the parties to address the merits of the claims set forth in the petition, and, specifically, to discuss whether petitioner has met his burden under 28 U.S.C. § 2254(d).

**IT IS SO ORDERED.**

Dated: January 19, 2006

MAXINE M. CHESNEY
United States District Judge