IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SERGEI V. KOROLEV,

    Petitioner,

v.

RICHARD KIRKLAND, Warden,

    Respondent.
_____/

No. C-05-4992 MMC (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DISMISSING PETITION WITH LEAVE TO AMEND**

Before the Court is respondent Richard Kirkland's motion, filed April 14, 2006, to dismiss petitioner Sergei V. Korolev's petition for a writ of habeas corpus, on the ground of untimeliness. Petitioner has filed opposition.[1] Having considered the papers filed in support of and in opposition to the motion,[2] the Court hereby rules as follows.

//

---

[1] Respondent's reply was due no later than July 21, 2006. (See Order Vacating August 4, 2006 Hearing at 1:28.) On August 3, 2006, respondent filed a reply without providing an explanation for the untimeliness. Thereafter, also on August 3, 2006, petitioner filed a motion to strike the reply on grounds of untimeliness, and respondent failed to file an opposition or any other response to said motion to strike. Because respondent has not offered any cause for its untimely filing, petitioner's motion to strike the reply is hereby GRANTED, and the reply is hereby STRICKEN. The Court notes, however, that the argument made in the reply is premature, to the extent respondent asserts petitioner will not be able to prove certain facts asserted in his opposition, e.g., that petitioner has a mental condition that caused petitioner to delay the filing of the instant petition.

[2] By order filed July 27, 2006, the Court took the matter under submission.

**BACKGROUND**

On March 16, 2001, in Marin County Superior Court, petitioner was sentenced to state prison for a term of life plus thirty-five years and four months, and judgment was entered. On April 18, 2003, the California Court of Appeal affirmed the judgment, and, on July 9, 2003, the California Supreme Court denied review. On October 7, 2004, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which denied the petition on November 2, 2005. On December 2, 2005, the instant petition was filed.[3]

**DISCUSSION**

Respondent argues that petitioner did not file the instant petition within the applicable one-year statute of limitations. See 28 U.S.C. § 2244(d). In opposition, petitioner asserts the petition is timely, or in the alternative, that he can establish his entitlement to an exception to or tolling of the statute of limitations.

**A. Timeliness**

A habeas petition must be filed within 365 days of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). Where, as here, a petitioner seeks direct review of a state trial court's judgment, the judgment is final ninety days after the highest state court has affirmed the judgment. See Bowen v. Roe, 188 F. 3d 1157, 1159 (9th Cir. 1999) (holding judgment in California becomes final 90 days after entry of California Supreme Court's order denying review of California Court of Appeal's decision affirming

---

[3]The Clerk filed the petition on December 2, 2005. Although petitioner is currently represented by counsel, petitioner filed the instant petition pro se. Under the "mailbox rule," a pro se petition "is deemed filed when given to the proper prison authorities and not when received by the district court clerk." See Miles v. Prunty, 187 F. 3d 1104, 1106 n. 2. On a form comprising part of his petition, petitioner wrote the date November 22, 2005. Stapled to that form, however, is a declaration by petitioner dated December 2, 2005. Under such circumstances, it is unclear how petitioner could have presented the petition for mailing on November 22, 2005 or any date before December 2, 2005. According to petitioner's counsel, however, petitioner mailed the petition to counsel before December 2, 2005. (See Corrected Rosenthal Decl. ¶ 6.) If petitioner intends to rely on the mailbox rule, petitioner must clarify these discrepancies in an amended petition, as well as allege the date on which he claims to have given the petition to prison authorities for mailing. Further, as discussed infra, even if petitioner establishes his entitlement to a filing date of November 22, 2005, such date nonetheless is after the expiration of the limitations period.

judgment). "The time during which a properly filed application for State post-conviction or other collateral review . . . is pending," however, "shall not be counted toward any period of limitations." See 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F. 3d 1003, 1006 (9th Cir. 1999) (holding, as to judgment in California, one-year statute of limitations stops running "from the time the first state habeas petition is filed" and begins to run when "California Supreme Court rejects the petitioner's final collateral challenge").

Here, as noted, the California Supreme Court, on July 9, 2003, denied review of the California Court of Appeal's decision affirming the judgment. The judgment became final 90 days later, specifically, October 7, 2003. See id. On October 7, 2004, the very day the one-year limitations period would have expired, petitioner filed a habeas petition in the California Supreme Court, which petition, as noted, was denied on November 2, 2005. In light of petitioner's October 7, 2004 filing of his state habeas petition, the one-year limitations period did not expire on October 7, 2004. See 28 U.S.C. § 2244(d)(2). As of October 7, 2004, however, no further days remained, and the limitations period thus expired on the date the California Supreme Court's order of November 2, 2005 became final. Because an order by the California Supreme Court denying a petition for a writ of habeas corpus becomes final "on filing," see Cal. Rules of Court, Rule 29.4(b)(2)(C), the one-year limitations period ran on the date the California Supreme Court denied the petition, specifically, November 2, 2005.[4]

As noted, the Court deems the instant petition filed with the Clerk on December 2, 2005, 30 days after the limitations period ran. Accordingly, the petition is subject to dismissal as untimely, absent an exception to or tolling of the statute of limitations.

---

[4] Relying on Bunney v. Mitchell, 262 F. 3d 973 (9th Cir. 2001), petitioner argues the California Supreme Court's order became final 30 days after it was filed. In Bunney, the Ninth Circuit, interpreting a prior version of Rule 29.4, held an order by the California Supreme Court denying a petition for a writ of habeas corpus became final 30 days after filing. See id. at 974. The current version of Rule 29.4, however, was adopted in 2003, after Bunney was decided. When a rule is amended, decisions "that rely on the older versions of the statute [ ] must be reevaluated in light of the amended statute." See United States v. McNeil, 362 F. 3d 570, 574 (9th Cir. 2004) (holding courts "are not bound by decisions of prior panels if subsequent legislation has undermined those decisions"). Accordingly, petitioner's reliance on Bunney is unavailing.

3

**B. Leave to Amend**

In his opposition, petitioner asserts he is entitled to an exception to the statute of limitations, based on actual innocence. Further, petitioner asserts he is entitled to equitable tolling. In his petition, however, petitioner does not allege any facts to support either an exception or tolling. Accordingly, the Court will consider whether it would be futile to allow petitioner to amend to allege his entitlement to such relief. See Herbst v. Cook, 260 F. 3d 1039, 1043-44 and n. 4 (9th Cir. 2001) (holding petitioner entitled to amend petition where petitioner asserted, in motion for reconsideration and affidavit in support thereof, grounds that might upon "appropriate development of the record" warrant finding petitioner entitled to equitable tolling).

**1. Actual Innocence**

A petitioner's "otherwise-barred claims [may be] considered on the merits . . . if his claim of actual innocence is sufficient to bring him within the narrow class of cases . . . implicating a fundamental miscarriage of justice." See Majoy v. Roe, 296 F.3d 770, 775 (9th Cir. 2002) (internal quotation and citation omitted). Here, petitioner asserts that "[f]acts exist in the trial record supporting [petitioner's] actual innocence." (See Pet.'s Opp. at 17:2-11.) To establish entitlement to the "actual innocence" exception to the statute of limitations, however, a petitioner must offer "'new reliable evidence'" that was not presented at trial. See Majoy, 296 F. 3d at 776 (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). Petitioner does not assert he has any such evidence.

Accordingly, leave to amend to allege the "actual innocence" exception to the statute of limitations would be futile.

**2. Equitable Tolling**

"AEDPA's statute of limitations provision is subject to equitable tolling." Miranda v. Castro, 292 F. 3d 1063, 1066 (9th Cir. 2002). In order to establish equitable tolling, a petitioner must show "he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way." See Mendoza v. Carey, 449 F. 3d 1065, 1068 (9th Cir. 2006).

1    Here, petitioner asserts he is entitled to equitable tolling based on four different
2 grounds. The Court next considers whether such grounds, or any of them, could excuse
3 petitioner's failure to prepare and complete his federal petition during the 757 days between
4 the date his state conviction became final and the date he filed the instant petition.[5]

5    First, relying on Miller v. Collins, 305 F. 3d 491 (6th Cir. 2002), petitioner asserts he
6 is entitled to equitable tolling for the period between the California Supreme Court's denial
7 of his state habeas petition and his receipt of notice of that denial. See id. at 495-96
8 (holding pro se petitioner entitled to equitable tolling for period between date state habeas
9 petition was denied and date petitioner had notice of denial). Unlike the prisoner in Miller,
10 however, petitioner was represented by counsel on the state petition. (See Corrected
11 Rosenfeld Decl. ¶¶ 2-3). Consequently, the California Supreme Court's notice to
12 petitioner's counsel constitutes notice to petitioner. See Cal. Rules of Court, Rule 200.1(9)
13 ("Whenever under these rules a notice or other paper is required to be served on or given
14 to a party, such service or notice must be made on the party's attorney of record if there is
15 one."); Kirk v. INS, 927 F. 2d 1106, 1108 (9th Cir. 1991) ("Under our system of
16 representative litigation, each party is deemed bound by the acts of his lawyer-agent and is
17 considered to have notice of all the facts, notice of which can be charged upon the
18 attorney."). Here, petitioner's counsel states he had notice of the denial two days after the
19 denial was filed. (See Corrected Rosenthal Decl. ¶ 5.)[6] Consequently, petitioner would, at
20 best, be entitled to equitable tolling for two days, specifically, to November 4, 2005. As
21 noted, the petition was not filed until December 2, 2005. Accordingly, leave to amend to
22 allege this ground for equitable tolling would be futile.
23 //
24 //

---

[5] As discussed above, petitioner, on the 365th day after his conviction became final, elected to file a habeas petition with the California Supreme Court, where that petition remained under submission for an additional 392 days.

[6] Petitioner states his counsel informed him, on a date he does not recall, of the California Supreme Court's denial. (See Korolev Decl. ¶ 10.)

5

Second, petitioner asserts he is entitled to tolling under the principles set forth in Espinoza-Matthews v. California, 432 F. 3d 1021 (9th Cir. 2005). In Espinoza-Matthews, the Ninth Circuit, acknowledging "it is unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period without access to his legal file," held a petitioner is entitled to equitable tolling if, despite his diligence in seeking his legal file, he is not provided access thereto during the limitations period. See id. at 1027-28 (internal quotation and citation omitted). Here, petitioner does not assert he lacked access to his legal file at any time during the 757-day period between the date his state conviction became final and the date the statute of limitations ran; rather, petitioner asserts that, for various reasons, it was difficult during some portions of the limitations period for petitioner to contact and retain counsel for the instant action. (See Pet.'s Opp. at 13:27 - 15:13.) Petitioner cites no authority, however, and the Court has located none, holding difficulties in retaining counsel constitute an "extraordinary circumstance," see Mendoza, 449 F. 3d at 1068, warranting equitable tolling. Further, as noted, petitioner, through counsel, filed his state habeas petition during the one-year federal limitations period, (see Corrected Rosenfeld Decl. ¶ 2), thus demonstrating he was capable of hiring counsel to represent him for purposes of filing a federal habeas petition at that time. Consequently, assuming, arguendo, an inability to obtain counsel during the limitations period could under some circumstances constitute an extraordinary circumstance warranting equitable tolling, here, petitioner cannot in good faith allege he was unable to retain counsel during the limitations period. Accordingly, leave to amend to allege this ground for equitable tolling would be futile.

Third, petitioner asserts he is entitled to equitable tolling because of language barriers. Petitioner avers that his first language is Russian, that he speaks and writes English as a second language, and that it takes him "a long time" to translate "legal mail" using a dictionary. (See Korolev Decl. at ¶ 4.) Petitioner states it can take him "as long as a week" to translate legal mail, and that it is "difficult" for him to understand and translate his legal mail "accurately." (See id.) Petitioner does not expressly assert that, due to

6

1 language difficulties, he was unable to prepare and complete his federal petition during the
2 above-referenced 757-day period.  Given that petitioner admits he can translate English,
3 albeit slowly, it is unclear how petitioner can state, in good faith, that he was unable to
4 translate, during the 757-day period, the documents that contained information relevant to
5 the claims asserted herein.  More importantly, given that petitioner has offered evidence
6 demonstrating his counsel prepared and wrote the instant petition, (see Corrected
7 Rosenthal Decl. ¶¶ 3-4, 6), a causal connection between petitioner's delay and any
8 language barrier would appear to be lacking.  Nevertheless, the Court will afford petitioner
9 leave to amend his petition to allege such ground if petitioner can, in good faith, do so.  See
10 Mendoza, 449 F. 3d at 1068-69 (holding "combination of (1) a prison law library's lack of
11 Spanish-language legal materials, and (2) a petitioner's inability to obtain translation
12 assistance before the one-year deadline, could constitute extraordinary circumstances" as
13 to Spanish-speaking prisoner with "limited" English skills).

14       Fourth, and lastly, petitioner asserts he is entitled to tolling because his delay is the
15 result of mental disorders.  According to petitioner, he is housed in a prison psychiatric unit,
16 where he has been diagnosed with "bipolar disorder and depression."  (See Korolev Decl.
17 ¶¶ 2, 6.)  Petitioner further asserts that, although he takes medications for the bipolar
18 disorder, some days he "cannot do a thing but sleep and worry."  (See id. ¶ 8.)  Petitioner
19 does not expressly state that as a result of such claimed conditions, he was unable to
20 prepare and complete his federal petition during the 757 days between the date his state
21 conviction became final and the date his state petition was denied.  Again, because
22 petitioner concedes his counsel prepared and wrote the instant petition, a causal
23 connection between petitioner's delay and any mental disorder appears to be lacking.  The
24 Court nonetheless will afford petitioner leave to allege such ground if petitioner can, in good
25 faith, do so.  See Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003) (holding where
26 petitioner can establish delay in filing was caused by mental incompetence, petitioner
27 entitled to equitable tolling).
28 //

7

**CONCLUSION**

For the reasons stated above, the Court hereby GRANTS respondent's motion to dismiss.

Petitioner is hereby afforded leave to file a First Amended Petition to allege, in conformity with this order, a cognizable basis for equitable tolling. Any such First Amended Petition must be filed no later than December 15, 2006.

**IT IS SO ORDERED.**

Dated: November 28, 2006

MAXINE M. CHESNEY
United States District Judge