**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI V. KOROLEV, | No. C-05-4992 MMC |
| Petitioner, | **ORDER GRANTING IN PART AND DEFERRING IN PART RULING ON MOTION TO FILE RECORDS UNDER SEAL AND IN PDF FORMAT** |
| v. | |
| RICHARD KIRKLAND, Warden, | |
| Respondent.                              / | |

By order filed November 28, 2006, the Court dismissed petitioner Sergei V. Korolev's petition for a writ of habeas corpus, on the ground of untimeliness, with leave to amend to allege a basis for equitable tolling.

Before the Court is petitioner's "Administrative Motion to File Medical Records and Prison Records Under Seal, and Motion to File These Voluminous Documents in PDF Format on a C.D.," filed August 7, 2007, by which petitioner represents he will file an amended petition on August 13, 2007. By the instant motion, which petitioner represents respondent will not oppose, petitioner seeks leave to file under seal and in PDF format 1500 pages of medical records and 200 pages of prison records. Petitioner asserts such voluminous documents will be filed as exhibits to the amended petition.

The Court hereby DEFERS ruling on the motion, to the extent petitioner seeks leave to file documents under seal, in order to afford petitioner the opportunity to comply with the

1  procedural requirements of Civil Local Rule 79-5. Specifically, a party seeking to file a
2  document under seal must, in addition to filing an administrative motion, lodge with the
3  Clerk the material the party seeks to file under seal, and provide a chambers copy of such
4  material. See Civil L.R. 79-5(b)(3), (b)(4). The Court cannot determine whether the subject
5  1700 pages of material are properly filed under seal without conducting a review thereof.

6  To the extent petitioner seeks leave to lodge with the Clerk a PDF version of the
7  1700 pages and serve respondent with a PDF version thereof, the motion is hereby
8  GRANTED; however, petitioner must submit in paper form a chambers copy of any
9  document petitioner seeks to file, whether under seal or in the public record.

10  Further, the Court observes that the substantive showing made to date by petitioner
11  appears insufficient to warrant sealing of 1700 pages of material. Petitioner merely asserts
12  that the material should be filed under seal because the documents are not public records,
13  and because they reference, at least in part, petitioner's health. A sealing order, however,
14  "may issue only upon a request that establishes that the document, or portions thereof, is
15  privileged or protectable as a trade secret or otherwise entitled to protection under the law."
16  See Civil L.R. 79-5(a). "The request must be narrowly tailored to seek sealing only of
17  sealable material." Id. Moreover, "[a] stipulation . . . will not suffice to allow the filing of
18  documents under seal." Id. In other words, the fact that respondent apparently will not
19  oppose the motion to seal does not suffice to assist petitioner in meeting his burden to
20  show that 1700 pages of documents constitute, in their entirety, sealable material.

21  Consequently, petitioner may wish to supplement the instant administrative motion
22  with a further showing, no later than the date he submits the material he seeks to file under
23  seal, as to why each page of such material is privileged, discloses trade secrets, or is
24  otherwise entitled to be filed under seal.[1]

25  Finally, the Court notes that the order of November 28, 2006 does not require

---

[1] It appears the amended petition will allege petitioner is entitled to equitable tolling based, at least in part, on his health. As such, petitioner would be putting his health at issue. Petitioner cites no authority that he may place his health at issue herein, yet keep all information about his health out of the public record.

petitioner to file every piece of evidence on which his claim of equitable tolling may be based.  Rather, the order of November 28, 2006 requires petitioner to "allege" a "cognizable basis for equitable tolling."  (See Order, filed November 28, 2006, at 8:4-6.)  Indeed, "a habeas corpus petition . . . need only set forth facts giving rise to the cause of action."  See Bounds v. Smith, 430 U.S. 817, 825 (1977).  Stated otherwise, it is not necessary for petitioner, at the pleading stage, to file every page of documentary evidence he may wish to provide to respondent as discovery in the instant proceeding and/or that he may wish to later present in the context of a court proceeding to prove the equitable tolling allegations set forth in his amended petition.

**IT IS SO ORDERED.**

Dated: August 10, 2007

MAXINE M. CHESNEY
United States District Judge