IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI V. KOROLEV,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT HOREL,<br><br>    Respondent | No. C 05-4992 MMC (PR)<br><br>**ORDER DIRECTING RESPONDENT TO FILE RESPONSE TO FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

    Before the Court is Sergei V. Korolev's "First Amended Petition for Writ of Habeas Corpus by a Person in State Custody [28 U.S.C. § 2254]" ("FAP"), filed August 13, 2007.

**BACKGROUND**

    On August 23, 2000, a jury in Marin County Superior Court found petitioner guilty of one count of attempted murder, one count of dissuading a witness from making a police report, three counts of assault with a semiautomatic firearm, and one count of obstructing or resisting an officer; additionally, the jury found true an allegation that petitioner personally used a firearm. See People v. Korolev, 2003 WL 1901363, *4 (Cal. App. 2003). On March 16, 2001, the trial court sentenced petitioner to a term of life plus 35 years and 4 months in state prison, and one year in county jail. See id.

    On April 18, 2003, the California Court of Appeal affirmed the conviction. See id. at *9. On July 9, 2003, the California Supreme Court denied petitioner's request for review of

the California Court of Appeal's decision. (See Petition ¶ 43.) On October 4, 2004, petitioner filed with the California Supreme Court a petition for a writ of habeas corpus, which petitioner alleges was timely, (see Petition ¶ 44); on November 2, 2005, the California Supreme Court summarily denied the petition, (see id.).

On December 2, 2005, petitioner filed his original petition in the instant action. By order filed November 28, 2006, the Court, upon motion by respondent, dismissed the original petition, finding petitioner had not filed the petition within the applicable limitations period, but afforded petitioner leave to amend to allege a basis for equitable tolling of the statute of limitations. On August 13, 2007, petitioner filed the FAP.

## DISCUSSION

**A. Legal Standard**

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." See Hendricks v. Vasquez, 908 F. 2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

**B. Petitioner's Claims**

In the FAP, petitioner makes the following claims: (1) the trial court deprived petitioner of due process by refusing to continue the trial to allow him a further opportunity to subpoena witnesses in Russia, and by refusing to admit affidavits he obtained from witnesses in Russia, (see FAP ¶¶ 75-86); (2) the prosecution engaged in "misconduct" by releasing a videotape of petitioner's "confession" to witnesses, who, in turn, used the videotape to dissuade witnesses in Russia from assisting the defense, (see FAP ¶¶ 81,

214); (3) trial counsel was ineffective, in failing to take necessary steps to obtain depositions or testimony from witnesses in Russia, (see FAP ¶¶ 87-92); (4) the trial court erred in finding petitioner was mentally competent to stand trial, (see FAP ¶ 131-139, 141-147,149-165); (5) trial counsel was ineffective, in allowing the trial court, rather than a jury, to determine competence, by "acquiesc[ing]" in the trial court's decision to find petitioner competent to stand trial, and in not adequately investigating petitioner's mental state, (see FAP ¶¶ 131, 140, 144, 147-161, 163-165, 175-199); (6) the trial court erred by conducting "hardship excusal hearings" outside the presence of petitioner's counsel and off the record, until petitioner's counsel objected, and then by conducting the remaining hardship hearings on the record, instead of granting petitioner's motion to disqualify the entire panel and call a new panel, (see FAP ¶¶ 101, 109-112); (7) the trial court erred by using "extremely lax standards" in resolving requests by potential jurors to be excused for hardship, resulting in a "systemic exclusion of jurors of working age," and in considering such requests outside the presence of petitioner's counsel, (see FAP ¶¶ 103-106); (8) the trial court erred by excusing three jurors for cause outside the presence of petitioner's counsel and without making a record "save for reporting this after the fact," (see FAP ¶ 108); (9) trial counsel was ineffective, in failing to "timely" object to the trial court's initial conducting of voir dire off the record and outside the presence of petitioner's counsel, (see FAP ¶¶ 113-123); (10) jurors engaged in "misconduct," e.g., sleeping through "a good portion of the trial" and holding against petitioner the attempts of a "defense translator" to "ingratiate himself with the jury through various expressions, gestures and words in an apparently self-appointed enterprise of helping [petitioner]," and two jurors "appear[ed] to have gleaned information about the case which was not part of the evidence," (see FAP ¶¶ 124-130); (11) the trial court erred by failing to give a "mutual combat" instruction and by giving a "defense of others" instruction, (see FAP ¶¶ 94-97); (12) trial counsel was ineffective, in failing to request a "mutual combat" instruction, (see FAP ¶ 97); (13) the trial court erred in instructing the jury pursuant to CALJIC 17.41.1, specifically, by advising the jury to "immediately advise the court" if a juror refused to deliberate or expressed an intention to

1 disregard the law or decide the case on an improper basis, (see FAP ¶ 98); (14) trial
2 counsel was ineffective, in failing to object to CALJIC 17.41.1, (see id.); (15) petitioner was
3 deprived of a fair trial "as a result of difficulties of translation and irregularities involving the
4 translators and translation," (see FAP ¶¶ 166-174); (16) the trial court erred by permitting
5 the prosecution to offer "unreliable, unconstitutionally obtained statements" of petitioner,
6 (see FAP ¶¶ 200-213); (17) trial counsel was ineffective, in failing to adequately investigate
7 the bases for the grounds asserted in "motions to suppress" and by failing to present
8 evidence in support of such motions, (see FAP ¶ 284); (18) the prosecution withheld from
9 the defense information bearing on the credibility of the "key prosecution witness, Andre
10 Chijik" ("Chijik"), e.g., Chijik's having told authorities "a different version of the events than
11 Chijik related at trial," (see FAP ¶¶ 214-222); (19) trial counsel was ineffective, in failing to
12 "request or obtain" from the prosecution information bearing on the credibility of Chijik,
13 failing to investigate Chijik, and failing to "effectively" cross-examine Chijik, (see FAP
14 ¶¶ 223-236); (20) trial counsel was ineffective, in failing to view the premises where the
15 relevant events occurred and in failing to sufficiently question petitioner about the premises,
16 (see FAP ¶ 107); (21) trial counsel was ineffective, in failing to "investigate and present
17 forensic evidence and evaluations through appropriate experts regarding the physical
18 evidence related to the shootings," (see FAP ¶¶ 273-278); (22) "the evidence presented
19 was constitutionally insufficient to support any of the convictions," (see FAP ¶¶ 292-319,
20 321-325); (23) the trial court erred in refusing to admit evidence that would have supported
21 petitioner's defenses, (see FAP ¶¶ 320); (24) the trial court "displayed deep-seated
22 antagonism against the defense and in favor of the prosecution" throughout the trial by,
23 e.g., "dramatically evicting defense counsel from the courtroom in front of the jury, for no
24 legitimate reason, during the prosecution's closing argument" and "construct[ing] and
25 submit[ting] to the jury a handwritten chart which . . . was suggestive of guilt," (see FAP
26 ¶¶ 237-262); (25) trial counsel was ineffective, in that he "provoked" the trial court into citing
27 counsel for contempt and expelling counsel from the courtroom, (see FAP ¶¶ 263-268);
28 (26) appellate counsel was ineffective by "not advanc[ing]" claims in petitioner's direct

4

appeal, (see FAP ¶¶ 282-283); and (27) the cumulative effects of the various alleged errors resulted in an unfair trial, (see FAP ¶¶ 326-337).

In addition, petitioner alleges he was unable to file his original petition within the applicable period of limitations because of his "well-documented and difficult-to-manage mental illnesses, his adjustment disorder and isolation from his family and culture, his physical ailments, and the numerous medications he is prescribed," (see FAP ¶ 340; see also FAP ¶¶ 341-424), as well as because of his "language and communications barriers," (see FAP ¶ 438; see also FAP ¶¶ 425-437).

The Court declines to find, from the face of the petition, that the claims presented by petitioner are vague, conclusory, palpably incredible, or patently frivolous or false. Consequently, respondent will be directed to file a response to the petition. Specifically, respondent will be directed to either file a motion to dismiss, if such a motion is warranted, or to file an answer, attaching thereto a copy of all portions of the state record relevant to a determination of the issues presented by the petition.

In the event that respondent files an answer, respondent shall not file a memorandum of points and authorities in support thereof. Rather, upon the filing of an answer, the Court will set a case management conference, at which conference the Court will address the manner in which petitioner's numerous claims, both on the merits and as to his alleged entitlement to equitable tolling, are to be addressed.

**CONCLUSION**

In light of the foregoing:

1. Respondent shall file, within 60 days of the date of this order, a motion to dismiss, noticed for hearing pursuant to Civil Local Rule 7-2, or an answer to the petition, attaching thereto a copy of all portions of the state record relevant to a determination of the issues presented by the petition.

//

//

//

2. In the event respondent files an answer, the Court will set a case management conference.

**IT IS SO ORDERED.**

Dated: November 21, 2007

MAXINE M. CHESNEY
United States District Judge